1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3  ANGEL VAZQUEZ-RIVERA,

4      Plaintiff,                                   Civil No. 11-1346 (JAF)

5      v.

6  UNITED STATES OF AMERICA, et al.,

7      Defendants.

8

9  **OPINION AND ORDER**

10      Angel Vázquez-Rivera ("Plaintiff" or "Vázquez-Rivera") sues John McHugh,

11  Secretary of the United States Army ("Defendant"), bringing claims of employment

12  discrimination, hostile work environment, and retaliation under federal and commonwealth

13  law.[1]  (Docket No. 1.)  Plaintiff alleges, inter alia, violations of 29 U.S.C. §§ 621–634, the

14  Age Discrimination in Employment Act ("ADEA"); 42 U.S.C. §§ 12101–12213, the

15  Americans with Disabilities Act ("ADA"); 29 L.P.R.A. §§ 146–151 ("Law 100"); 1

16  L.P.R.A. § 501 ("Law 44"); 31 L.P.R.A. § 5141 ("Article 1802"); and constitutional claims

17  under the United States and Puerto Rico Constitutions.  (Id.)  Defendant moves for

18  dismissal, (Docket No. 21), Plaintiff opposes, (Docket No. 27), Defendant responds,

19  (Docket No. 31), and Plaintiff replies (Docket No. 36).

---

[1] In response to Defendant's motion to dismiss (Docket No. 21), Plaintiff voluntarily dismissed his claims against earlier named codefendants Col. John Cushman, Gunnard Petersen, Magda Figueroa, José Ortega, and Nanette López Silva.  (Docket Nos. 27 at 23; 31 at 1; 36.)  We agree that Secretary McHugh is the only properly named defendant in this case.  See Toledo-Colon v. Puerto Rico, 812 F. Supp. 2d. 110, 117 (D.P.R. 2011) (finding that individual liability does not attach under Rehabilitation Act).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# I.

## <u>Allegations</u>

Plaintiff, a forty-six-year-old resident of Puerto Rico, works as an operations specialist for the United States Army.  (Docket No. 1.)  Plaintiff's position is located within the Directorate of Planning, Training, Mobilization, and Security ("DPTMS") at Fort Buchanan, a military base in Puerto Rico. (<u>Id.</u>)  Plaintiff began working for the United States in July 1999.  (<u>Id.</u> at 8.)

Plaintiff alleges that since October 2009, he has been subject to "discriminatory and adverse actions" from his immediate supervisor, José Ortega ("Ortega").  (<u>Id.</u> at 9.)  Ortega is the Director of DPTMS.  (<u>Id.</u>)  Plaintiff alleges that the discrimination consisted of "age, health and/or disability discrimination, retaliation, harassment and hostile work environment."  (<u>Id.</u>)  Among other actions, Plaintiff alleges that Ortega revoked Plaintiff's compressed work schedule, removed Plaintiff from his duties at the Installation Operations Center ("IOC"), and repeatedly told coworkers that Plaintiff was unfit for work because of his "mental condition."  (<u>Id.</u> at 12–13.)   Plaintiff also alleges that Ortega "constantly harasses" Plaintiff, pressures him to retire or resign, and questions Plaintiff's performance in front of coworkers.  (<u>Id.</u> at 10–11.)

Plaintiff alleges that as a result of these actions by Ortega, Plaintiff suffered from a "nervous breakdown" that required professional care.  (<u>Id.</u> at 11.)  Plaintiff further alleges that he complained of Ortega's actions to authorities at Fort Buchanan on several occasions,

Civil No. 11-1346 (JAF)                                                                  -3-

1  but the discriminatory practices continued.  (Id.)    He alleges that Ortega retaliated against

2  him for making these complaints.[2]  (Id.)

3       On May 12, 2010, Plaintiff contacted a counselor from the Equal Employment

4  Opportunity Commission ("EEOC"), alleging discrimination and harassment based on his

5  disability.  (Docket Nos. 21 at 3; 36 at 1; 36–1.)  Plaintiff does not state exactly what his

6  disability is, but refers repeatedly to a mental "condition," "illness" or "impairment" that

7  required professional psychiatric care and medication.  (Docket Nos. 1 at 10; 21–2 at 1; 27

8  at 7.)  On July 9, 2010, Plaintiff received from the Army a notice of right to file a formal

9  complaint.  (Docket Nos. 21 at 3; 21–3; 36 at 2; 36–2.)  Plaintiff acknowledged receipt of

10 this notice on the same day.  (Docket No. 36 at 2; 36–2.)  The first page of the notice of

11 right to file a formal complaint stated, in a bold and underlined font, that the time period to

12 file a complaint was fifteen calendar days.  (Docket No. 21–1 at 1.)  Nevertheless, Plaintiff

13 waited until July 27, 2010, to file his formal complaint, one day after the limitations period

14 expired.  (Docket Nos. 21 at 4; 21–2; 36 at 2.)  Plaintiff's formal complaint alleged

15 disability discrimination and harassment.  (Docket Nos. 21 at 4; 21–2; 36 at 2.)

16      On August 24, 2010, the Army dismissed Plaintiff's complaint as untimely, noting

17 that Plaintiff failed to file his formal complaint within the fifteen-day time period provided

18 by 29 C.F.R. § 1614.107(a)(2) and Army Regulation ("AR") 690-600.  (Docket No. 21–3.)

19 Plaintiff then appealed that decision to the EEOC, which issued a decision affirming the

_____

[2] On May 25, 2010, Plaintiff alleges that Ortega publicly reprimanded Plaintiff, before saying to
another employee, "That's why I called you to be present to avoid the possibility of being accused of
harassing him." (Docket No. 1 at 14.)

Civil No. 11-1346 (JAF)                                                                    -4-

1    Army's dismissal on February 7, 2011.  (Docket Nos. 21 at 4; 21–4.)  In April 2011,

2    Plaintiff filed the present suit.  (Docket No. 1.)

3                                            **II.**

4                              **Motion to Dismiss Standard**

5    **A.     Rule 12(b)(1)**
6
7            A defendant may move to dismiss an action against him under Federal Rule of Civil

8    Procedure 12(b)(1) for lack of federal subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

9    "When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the

10   party invoking the jurisdiction of a federal court carries the burden of proving its

11   existence.'"  Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citing Murphy v.

12   United States, 45 F.3d 520, 522 (1st Cir. 1995)).

13          Rule 12(b)(1) provides a "large umbrella, overspreading a variety of different types

14   of challenges to subject-matter jurisdiction."  Valentin v. Hosp. Bella Vista, 254 F.3d 358,

15   362–63 (1st Cir. 2001).  A movant may base a challenge to the sufficiency of the plaintiff's

16   assertion of subject matter jurisdiction solely on the pleadings.  Id. at 363.  In that case, we

17   take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the

18   plaintiff has propounded an adequate basis for subject-matter jurisdiction."  Id. at 363;

19   Pejepscot Indus. Park, Inc. v. Me. Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000).

20   **B.     Rule 12(b)(6)**

21          A defendant may move to dismiss an action, based solely on the complaint, for the

22   plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ.

Civil No. 11-1346 (JAF)                                                                        -5-

1    P. 12(b)(6).[3]  In assessing such a motion, we "accept[] all well-pleaded facts as true, and we

2    draw all reasonable inferences in favor of the [plaintiff]."  <u>Wash. Legal Found. v. Mass. Bar</u>

3    <u>Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993).

4          "[A]n adequate complaint must provide fair notice to the defendants and state a

5    facially plausible legal claim."  <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st

6    Cir. 2011).   In considering a complaint's adequacy, we disregard "statements in the

7    complaint that merely offer legal conclusions couched as fact or threadbare recitals of the

8    elements of a cause of action."  <u>Id.</u> (internal quotation marks omitted).  We then take as true

9    what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible."  <u>Id.</u>

10   On the basis of those properly pled facts, we assess the "reasonableness of the inference of

11   liability that the plaintiff is asking the court to draw."  <u>Id.</u> at 13.

12                                              **III.**

13                                          **<u>Analysis</u>**

14          Defendant presents a number of procedural and substantive arguments in favor of

15   dismissal.   (Docket No. 21.)   Plaintiff responds to some, but not all, of the relevant

16   arguments.  (Docket No. 27.)  Both parties mistakenly focus the bulk of their efforts on the

---

[3]  Defendant characterizes his exhaustion arguments as challenges to this court's subject-matter jurisdiction. (Docket No. 21 at 4–5.)  For the sake of clarity, we note that neither failure to exhaust administrative remedies nor timeliness implicate our subject matter jurisdiction and we, therefore, treat these challenges as arguments that Plaintiff has failed to state a claim for relief. <u>See</u> <u>Zipes v. TWA</u>, 455 U.S. 385, 395 n.12 (1982) (explaining that timeliness does not implicate subject matter jurisdiction in Title VII cases); <u>Vera v. McHugh</u>, 622 F.3d 17, 29–30 (1st Cir. 2010) (noting that failure to exhaust administrative remedies is not jurisdictional in Title VII cases).

Civil No. 11-1346 (JAF)                                                    -6-

1   question of tolling under Title VII and the ADA.  For the reasons discussed below, we grant

2   in part and deny in part Defendant's motion.

3   **A.      Rehabilitation Act or ADA**

4        We note at the outset that "[a]s a federal employee, [plaintiff] is covered under the

5   Rehabilitation Act and not the ADA."  Enica v. Principi, 544 F.3d 328, 338 n.11 (1st Cir.

6   2008).  That is because "[t]he Americans with Disabilities Act excludes 'United States'

7   from its definition of employer."  Field v. Napolitano, 663 F.3d 505, 510 n.6 (1st Cir. 2011)

8   (citing 42 U.S.C. § 12111(5)(B)).  "Based on this exclusion, federal courts have concluded

9   that the ADA provides no remedy to federal employees."  Id.  (citations omitted).  We,

10  therefore, treat Plaintiff's claim as one arising under the Rehabilitation Act, not the ADA.

11  Enica, 544 F.3d at 338 n.11.

12       Defendant argues, without citing to any legal authority, that federal employees must

13  first exhaust administrative remedies before bringing a claim under the Rehabilitation Act.

14  (Docket No. 21 at 6.)  This bald assertion is contradicted by First Circuit precedent, which

15  holds that "under the Rehabilitation Act, 29 U.S.C. § 791, exhaustion is not required."

16  Prescott v. Higgins, 538 F.3d 32, 44 (1st Cir. 2008).  Under the Rehabilitation Act, claims

17  are "brought pursuant to 29 U.S.C. § 794 which incorporates the remedies contained in Title

18  VI of the Civil Rights Act of 1964."  Cook v. R.I. Dep't of Mental Health, Retardation &

19  Hosp., 783 F. Supp. 1569, 1571 (D.R.I. 1992) (citing § 794a(a)(2)),  aff'd, 10 F.3d 17 (1st

20  Cir. 1993).  "Since Title VI does not include either the procedural process contained in Title

21  VII or its concomitant time limits, the only time constraint applicable to claims under 29

Civil No. 11-1346 (JAF)                                                                    -7-

1  U.S.C. § 794 is that set forth in the pertinent state statute of limitations governing causes of

2  action most analogous to the claim being asserted." Id. (citations omitted); see also Nieves-

3  Marquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003) (borrowing "most analogous

4  statute of limitations from Puerto Rico law" for Rehabilitation Act claim).

5              When evaluating claims under the Rehabilitation Act,
6              "[c]ourts apply either the state's personal injury statute or the
7              state's analogous disability discrimination statute. Law 44 is
8              Puerto Rico's anti-discrimination statute, and like Article
9              1802, it has a one year statute of limitations. Accordingly,
10             under either statute, the applicable limitations period for
11             Rehabilitation Act claims is one year. . . .While state law
12             determines the limitations period, federal law determines the
13             date of accrual. Under federal law, the limitations period
14             begins to run when the plaintiff knows or has reason to know
15             of the injury which is the basis for his claim. The one-year
16             statute of limitations begins to run one day after the date of
17             accrual."
18
19 Toledo-Colon, 812 F. Supp. 2d at 119 (internal quotations and citations omitted).

20        In this case, Plaintiff alleges a continuing violation. (Docket Nos. 1 at 10; 27 at 11-

21 24.) He first contacted an EEOC officer about Ortega's ongoing harassment in May 2010.

22 (Docket No. 1 at 14.) Plaintiff then filed suit in this court in April 2011. (Id.) Plaintiff's

23 contact with the EEOC officer is within the one-year statute of limitations and, thus, we

24 deem Plaintiff's claim timely. Moreover, even if Plaintiff's claim began to accrue earlier

25 than May 2010, his filing of an administrative complaint with the EEOC likely tolled his

26 claim. See Gonzales Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 322 (1st Cir. 2009)

27 (citations omitted) (holding that filing administrative complaint with EEOC served to "toll

28 the time for suing on his claim under Puerto Rico anti-discrimination law").

Civil No. 11-1346 (JAF)                                                              -8-

1    **B.    <u>ADEA</u>**

2          Defendant argues that Plaintiff's claims under the ADEA are barred because of

3    Plaintiff's failure to exhaust his administrative remedies.  (Docket No. 21 at 8.)  Plaintiff

4    does not respond directly to Defendant's ADEA arguments.

5          "[W]hereas most employees must first exhaust administrative remedies before

6    instituting an ADEA action, see 29 U.S.C. § 626, a federal employee has the option of

7    bypassing administrative remedies entirely and suing directly in federal district court."

8    <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 566 (1st Cir. 2005) (citing § 633a(c)).  For employees that

9    opt to file suit directly, § 633a(d) provides:

10                    When the individual has not filed a complaint concerning age
11                    discrimination with the Commission, no civil action may be
12                    commenced by any individual under this section until the
13                    individual has given the Commission not less than thirty
14                    days' notice of an intent to file such action. Such notice shall
15                    be filed within one hundred and eighty days after the alleged
16                    unlawful practice occurred. Upon receiving a notice of intent
17                    to sue, the Commission shall promptly notify all persons
18                    named therein as prospective defendants in the action and
19                    take any appropriate action to assure the elimination of any
20                    unlawful practice.
21
22   Defendant argues that the requirements provided by § 633a(d) apply to Plaintiff. (Docket

23   No. 21 at 8.)  We agree.  The complaint that Plaintiff filed with the EEOC did not make any

24   references to age discrimination.  (Docket No. 21–2.)  Rather, the complaint alleged that

25   Plaintiff's supervisor had "profiled [Plaintiff] as a mentally disabled person making

26   [Plaintiff] feel disabled."  (<u>Id</u>. at 1.)  Given Plaintiff's allegations that "he was discriminated

Civil No. 11-1346 (JAF)                                                                    -9-

1    against because of disability," the EEOC decision treated Plaintiff's claim as one arising

2    solely under the Rehabilitation Act.  (Docket No. 21–4 at 3.)

3           Defendant argues that Plaintiff's failure to provide thirty days' notice to the agency

4    dooms Plaintiff's ADEA claim.   (Docket No. 21 at 6.)   Plaintiff does not respond to

5    Defendant's arguments or offer any suggestion that he did, in fact, provide notice to the

6    EEOC of his intent to file an age discrimination claim.  (Docket Nos. 27; 31 at 2; 36 at 3.)

7    Therefore, Plaintiff's ADEA claim will be dismissed.  § 633a(d); see also Rossiten v. Potter,

8    357 F.3d 26, 29 (1st Cir. 2004) (explaining "preconditions" in § 633a(d) that apply when

9    plaintiff bypasses administrative process).  Plaintiff's hostile work environment claim under

10   the ADEA will also be dismissed.  See Rodriguez v. Potter, 419 F. Supp. 2d 58, 68 (D.P.R.

11   2006) ("[B]y not bringing his age discrimination claim to the attention of the EEOC,

12   [Plaintiff] foreclosed the administrative exhaustion and ameliorative action contemplated by

13   the exhaustion requirement.") (quoting Velasquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st

14   Cir. 2000)).

15   **C.      Retaliation**

16          Plaintiff alleges that Defendant took adverse actions against him because Plaintiff

17   filed his complaint with the EEOC.  (Docket No. 1 at 17.)  "The regulations implementing

18   the Rehabilitation Act make it unlawful to '[i]ntimidate or retaliate against any individual,

19   whether handicapped or not, for the purpose of interfering with any right secured by [the

20   Rehabilitation Act].'"  D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 n.9 (1st Cir.

21   2012) (citing 28 C.F.R. § 42.503(b)(1)(vii)).  Under the Rehabilitation Act, a

Civil No. 11-1346 (JAF)                                                    -10-

> [p]laintiff need not succeed on a disability discrimination claim
> in order to assert a claim for retaliation . . . .  The standard for
> retaliation claims under the Rehabilitation Act is the same as
> the standard under the ADA.  To make out a prima facie case of
> retaliation under the familiar burden-shifting framework
> articulated in McDonnell Douglas Corp. v. Green, 411 U.S.
> 792, 801–03 (1973), a plaintiff must show that (1) he or she
> engaged in protected conduct, (2) he or she was subjected to an
> adverse action by the defendant, and (3) there was a causal
> connection between the protected conduct and the adverse
> action.

Id. (internal quotations and citations omitted).

To establish an adverse employment action, Plaintiff must show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  For retaliatory action to be material, it must produce a significant, not trivial, harm."  Colón–Fontánez, 660 F.3d 17, 37 (1st Cir. 2011) (internal quotations and citations omitted).

Defendant has failed to provide any arguments for dismissal of Plaintiff's retaliation claims.  We hold that viewed in the light most favorably to Plaintiff, the complaint states a claim for retaliation under the Rehabilitation Act.  Therefore, Plaintiff's retaliation claims will be allowed to proceed.

**D.     Remaining Claims**

Finally, Defendant argues that Plaintiff's remaining claims—under Puerto Rico labor and employment statutes, the Puerto Rico Constitution, and the United States Constitution—are subject to dismissal.  (Docket Nos. 21 at 10–12; 36 at 7–9.)  We agree.

Civil No. 11-1346 (JAF)                                                            -11-

1   Because "the United States has not waived its sovereign immunity under Puerto Rico's

2   laws," Plaintiff's Puerto Rico law claims will be dismissed.   See Velasquez-Rivera v.

3   Danzig, 234 F.3d 790, 795 (1st Cir. 2000) (affirming dismissal of Puerto Rico law claims in

4   employment suit against then Secretary of the Navy).   Nor can Plaintiff pursue any claims

5   under the U.S. Constitution against Defendant.   See Tapia-Tapia v. Potter, 322 F.3d 742,

6   745–46 (1st Cir. 2003) (internal quotations omitted) (explaining that "the absence of any

7   individual capacity defendant sounds the death knell" for plaintiff's constitutional claim

8   against federal agency).

9                                                   **IV.**

10                                            **Conclusion**

11          For the foregoing reasons, we **GRANT** in part and **DENY** in part Defendant's

12   motion to dismiss.   (Docket No. 21.)   Plaintiff's claims of discrimination, hostile work

13   environment, and retaliation under the Rehabilitation Act will be allowed to proceed.

14   (Docket No. 1.) Plaintiff's claims under the ADEA, Puerto Rico statutes, and Puerto Rico

15   and United States Constitutions, will be **DISMISSED WITH PREJUDICE.**  (Id.)

16          **IT IS SO ORDERED.**

17          San Juan, Puerto Rico, this 26th day of June, 2012.

18                                      s/José Antonio Fusté
19                                      JOSE ANTONIO FUSTE
20                                      United States District Judge