UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL VAZQUEZ-RIVERA,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Civil No. 11-1346 (JAF) |

**OPINION AND ORDER**

Pending before the court is a "Motion to Amend or Alter Judgment," (Docket No. 44), filed by Defendant. Defendant brings its motion under Fed. R. Civ. P. 59(e).[1] (Docket No. 44 at 1.) Plaintiff opposes, (Docket No. 48), and Defendant replies (Docket No. 52).

On June 26, 2012, we issued an Opinion and Order, (Docket No. 41), granting in part and denying in part Defendant's motion to dismiss (Docket No. 21). In that Opinion, we dismissed Plaintiff's claims under 42 U.S.C. §§ 621–634, the Age Discrimination in Employment Act ("ADEA"), as well as his claims under Puerto Rico statutory law and the U.S. and Puerto Rico constitutions. (Docket No. 41 at 11.) We allowed Plaintiff's claims under the Rehabilitation Act, 29 U.S.C. §§ 791 et seq., to proceed. (Docket No. 41 at 5.)

---

[1] In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure. Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[1] Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 11 (1st Cir. 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)).

Civil No. 11-1346 (JAF) -2-

The reason we gave for according different treatment to Plaintiff's claims under the Rehabilitation Act and the ADEA was administrative exhaustion. (Docket No. 41 at 6.) Although Plaintiff failed to file his formal complaint within the fifteen-day period provided by the notice of the right to file a complaint ("NORF"), we wrote that the Rehabilitation Act did not require exhaustion. (Docket No. 41 at 6.)

Having reviewed the parties' arguments and the applicable laws, we agree with Defendant. For certain employees covered by the Rehabilitation Act, such as employees who work for agencies or programs that merely receive federal funds, "exhaustion is not required."[2] Prescott v. Higgins, 538 F.3d 32, 44 (1st Cir. 2008) (holding exhaustion requirement does not apply to city employee). For employees of federal agencies, however, exhaustion is required. Roman-Martinez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996). The distinction is found in § 794a, the section of the Rehabilitation Act that governs remedies and attorney's fees. §§ 794a(a)(1) and (a)(2) of that section provide distinct remedies and procedures for employees of the federal government versus employees of federal fund recipients. For federal agency employees, "the Act incorporates the rights, remedies, and procedures set forth in the Equal Employment Opportunity Act. See Civil Rights Act of 1964, Sections 717, 706(f)-(k), 42 U.S.C. 2000e-16, 2000e-5 (f)-(k) (1994)." Roman-Martinez, 100 F.3d at 216.

The remedies and procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, do require exhaustion of administrative remedies. Id. For employees of federal

---

[2] Precedent from the First Circuit has not always been clear on this question. See, e.g., Farris v. Shinseki, 660 F.3d 557, 562 n.5 (noting in dicta that Prescott, 538 F.3d at 44, "states that a claim brought under the act does not require exhaustion").

Civil No. 11-1346 (JAF)                                                                                                         -3-

fund recipients, however, the remedies and procedures are borrowed from Title VI of the Civil Rights Act. See Cook v. State of R.I. Dept. of Mental Health, Retardation & Hospitals, 783 F. Supp. 1569, 1571 (D.R.I. 1992) (citing 29 U.S.C. § 794a(a)(2)). Title VI of the Civil Rights Act, 42 U.S.C. § 2000d-1, does not have the same exhaustion requirement. Id. In this case, because Plaintiff is an employee of the U.S. Army, his claim is governed by § 794a(a)(1), and so he must first exhaust administrative remedies, in accordance with the requirements of Title VII. See § 794a(a)(1); Roman-Martinez, 100 F.3d at 216.

Under 29 C.F.R. § 1614.107(a)(2), Plaintiff was required to file his formal complaint within fifteen days of receiving the NORF. (See Docket No. 41 at 3.) Plaintiff failed to comply with this timeline, bringing his claim one day later than was allowed, on July 27, 2010. (Id.) The Army then dismissed Plaintiff's complaint as untimely, and on February 7, 2011, the EEOC affirmed the dismissal on appeal. (Id. at 3-4.) Plaintiff filed his complaint in this court on April 15, 2011. (Docket No. 1.)

"Because administrative exhaustion is a condition to the waiver of sovereign immunity, it must be strictly construed. . . . Consequently, failure to comply with an agency's applicable time limit may expose the plaintiff's federal law suit to dismissal." Farris v. Shinseki, 660 F.3d 557, 560 (1st Cir. 2011) (quotations and citations omitted). Although the administrative exhaustion requirement is "subject to narrowly applied equitable doctrines such as tolling or estoppel," these doctrines only apply in "exceptional

Civil No. 11-1346 (JAF)                                                                                     -4-

circumstances." Id. (citations omitted). Plaintiff has the "heavy burden to prove entitlement to equitable relief." Id. (citations omitted).

In this case, Plaintiff has failed to carry his "heavy burden." Id. Plaintiff's incoherent attempts at argument, (Docket No. 48), have given us no reason to apply the equitable doctrines of tolling or estoppel. Therefore, we hold that Plaintiff's "failure to file [his] charge of discrimination within the required time period bars relief in the district court." Cano v. United States Postal Serv., 755 F.2d 221, 223 (1st Cir. 1985). Plaintiff's claims under the Rehabilitation Act, including his retaliation claims, will be dismissed.

Finally, we feel we must dispense a few remonstrations to counsel. During the course of this case, the quality of the briefing on both sides has left us wanting. We note just a few examples here, with an eye to motivating future improvements. First, in support of its present motion, Defendant's counsel misrepresented the holdings of an important case cited. (Docket No. 44 at 4.) As Plaintiff points out, in the case of Johnson v. Runyon, 47 F.3d 911 (7th Cir. 1995), the Court of Appeals reversed, not affirmed, the district court's entry of summary judgment for defendant. Id. at 922 (tolling the applicable time limit because of exceptional circumstances). Defendant's counsel, after having been corrected by Plaintiff, now says that the error was inadvertent. (Docket No. 52 at 3-4.) We take counsel at her word. Nevertheless, we emphasize the importance of ensuring the accuracy of case citations.

Second, the legal question at the heart of this motion is a good example of the importance of providing thorough legal citations. In its motion to dismiss, Defendant's


Civil No. 11-1346 (JAF)                                                                                              -5-

counsel wrote simply that Title VII's administrative exhaustion requirement applies to claims under the Rehabilitation Act of 1973. (Docket No. 21 at 6 n.4.) Counsel provided no citation of authority whatsoever—none—in support of this claim. (Id.) Regarding a dispositive issue as murky and complicated as this, counsel's failure to provide any legal citations is simply unacceptable.

Even on a relatively straightforward question of black letter law, Defendant's counsel misrepresented the law, (Docket No. 44 at 5), after we had specifically corrected her previous flawed assertion in our Opinion and Order (Docket No. 41 at 5 n.3). In that Opinion and Order, we noted that "neither failure to exhaust administrative remedies nor timeliness implicate our subject matter jurisdiction." Id. (citing Zipes v. TWA, 455 U.S. 385, 395 n.12 (1982); Vera v. McHugh, 622 F.3d 17, 29-30 (1st Cir. 2010)). Even after we provided this statement of the law in June, see id., Defendant's counsel again asserted in its July motion that "[t]he filing of a timely administrative claim is a jurisdictional requirement that cannot be waived." (Docket No. 44 at 5.) The case that counsel quotes from, Richman v. United States, 709 F.2d 122 (1st Cir. 1983), is nearly thirty years old, and clearly contradicted by the more recent cases that we cited in our Opinion. See Zipes, 455 U.S. at 395 n.12 ("holding compliance with the filing period to be not a jurisdictional prerequisite" and, therefore, subject to equitable tolling and estoppel); Vera, 622 F.3d at 29-30 ("the exhaustion requirement is not a jurisdictional prerequisite"). Moreover, even after reading Richman, 709 F.2d 122, we were unable to find the quote that appears in Defendant's brief. Counsel's failure to provide a pin citation of the page number on which the quote appears is

surely part of the problem, (Docket No. 44 at 5), but not the most serious one. It should go without saying that every effort should be made to remain faithful to the original text when quoting from court opinions.

In the future, we hope for and expect a higher level of professionalism and deportment before this court.

## IV.
## Conclusion

For the foregoing reasons, Defendant's motion to alter or amend judgment is **GRANTED.** (Docket No. 44.) Plaintiff's complaint in the entirety will be **DISMISSED WITH PREJUDICE.** (Docket No. 1.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of October, 2012.

                                            s/José Antonio Fusté
                                            JOSE ANTONIO FUSTE
                                            United States District Judge